TIMOTHY C. MURPHY *vs.* CORNELIUS MURPHY & trustee.

Bristol.    October 25. — 26, 1876.    DEVENS & LORD, JJ., absent.

An assignment of future wages for a certain time, which is recorded under the St of 1865, *c.* 43, need not state what it was intended to secure, and is not limited by the formal recital of consideration.

TRUSTEE PROCESS. The case was submitted to the Superior Court, and, after judgment discharging the trustee, to this court, on appeal, on an agreed statement of facts in substance as follows:

The trustee had in his hands, at the date of service upon him, funds to the amount of $41.75. Patrick Harrington appeared as claimant of these funds, by virtue of the following assign‹ ment in writing, signed by the defendant, and duly recorded: "Know all men by these presents, that I, Cornelius Murphy of Fall River, in the county of Bristol, in consideration of fifty

dollars to me paid by Patrick Harrington of said Fall River, the receipt whereof I do hereby acknowledge, do hereby assign and transfer to said Patrick Harrington all claims and demands which I now have, and all which, at any time between the date hereof and the seventeenth day of November next, I may and shall have against the city of Fall River for all sums of money due, and for all sums of money and demand which, at any time between the date hereof and the said seventeenth day of November, 1875, may and shall become due to me, for services as a laborer in the employ of said city; to have and to hold the same to the said Patrick Harrington, his executors, administrators and assigns forever. And I, Cornelius Murphy, do hereby constitute and appoint the said Patrick Harrington and his assigns to be my attorney irrevocable in the premises, to do and perform all acts, matters and things touching the premises, in the like manner to all intents and purposes as I could if personally present. In witness whereof I have set my hand and seal, this sixteenth day of November, 1874." At the time of the service of the writ on the trustee, the defendant was indebted to the claimant in the sum of $42 for necessaries furnished since the execution of the assignment; although the defendant had paid to the claimant the sum of $86, which was more than sufficient to cover all indebtedness existing at the time the assignment was given.

If, upon these facts, the court should find that the assignment did not cover future advances, judgment was to be entered that the trustee be charged for $41.75; otherwise, judgment for the claimant and trustee discharged.

*H. K. Braley*, for the plaintiff.

*M. Reed*, for the claimant.

BY THE COURT. This assignment, being of future wages for a certain time, and recorded as required by the St. of 1865, c. 43, need not state what it was intended to secure, and is not limited by the formal recital of consideration. Assuming, according to the arguments of both counsel, (though not distinctly stated in the case,) that the assignment was in fact intended to cover future advances, the judgment below was right.

*Trustee discharged.*